**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL MASA MONTERO, | No. 13-70495 |
| Petitioner, | Agency No. A099-580-732 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Raul Masa Montero, a native and citizen of Mexico, petitions for review of

an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from

an immigration judge's denial of his application for cancellation of removal, and

denying his motion to remand.  We dismiss the petition for review.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the BIA's determination that Masa Montero failed to demonstrate the exceptional and extremely unusual hardship necessary for cancellation of removal. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order) ("[A]bsent a colorable legal or constitutional claim, we lack jurisdiction to review the BIA's discretionary determination that an alien failed to prove that removal would result in exceptional and extremely unusual hardship . . . .").

We also lack jurisdiction to review the BIA's determination that Masa Montero's new evidence of hardship accompanying his motion to remand did not alter its underlying hardship determination. *See Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir. 2006) ("If . . . the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief, [8 U.S.C.] § 1252(a)(2)(B)(i) precludes our visiting the merits . . . .").

Masa Montero's contentions that the BIA failed to consider either the hardship evidence that he presented at the hearing or his new hardship evidence accompanying his motion to remand are not colorable questions of law that would invoke our jurisdiction. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978

13-70495

(9th Cir. 2009) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DISMISSED.**