**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE GOMEZ-MUNOZ,<br><br>               Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 13-71558<br><br>Agency No. A089-111-589<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2015[**]

Before:    FISHER, TALLMAN, and NGUYEN, Circuit Judges.

    Jose Gomez-Munoz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law. *Figueroa v. Mukasey,* 543 F.3d 487, 491 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Contrary to Gomez-Munoz' contention, the BIA applied the correct legal standard in determining that he failed to establish that his removal would result in exceptional and extremely unusual hardship to his United States citizen children. *See id.* at 497-98 ("Congress intended that discretion in cancellation of removal cases be exercised on the basis of whether removal *would result* in an exceptional and extremely unusual hardship to the citizen-children." (emphasis in original)).

We lack jurisdiction to consider Gomez-Munoz' contention that the IJ failed to consider specific evidence in the record, where Gomez-Munoz failed to exhaust this contention before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings).

We also lack jurisdiction to consider Gomez-Munoz' contention that his case warrants a favorable exercise of discretion and, accordingly, his request for remand to the agency for administrative closure is denied. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**