FILED

**NOT FOR PUBLICATION**

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARVEY ADOLFO GONZALEZ, AKA Adolfo Gonzalez, AKA Harvey Gonzalez, AKA Harvey A. Gonzalez, AKA Harve Rosales, | No. 13-74348 |
| Petitioner, | Agency No. A078-347-366 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Harvey Adolfo Gonzalez, a native and citizen of Nicaragua, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Gonzalez established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *see also Ramadan v. Gonzalez*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Thus, we deny Gonzalez's petition as to his asylum claim.

Gonzalez does not raise any arguments challenging the agency's rejection of his withholding of removal, CAT, or cancellation of removal claims. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

Gonzalez requests that we reopen and remand his case based on "newly discovered facts" and potential eligibility for adjustment of status or relief pursuant to NACARA. We lack jurisdiction to consider these claims, which Gonzalez must first present to the agency. *See* 8 C.F.R. §§ 1003.2; 1003.43.

Finally, Gonzalez's claim that his case warrants prosecutorial discretion is not subject to judicial review. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**