**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELICA MEJIA RODRIGUEZ, | No. 13-71166 |
| Petitioner, | Agency No. A070-955-613 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Angelica Mejia Rodriguez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum and

withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Mejia Rodriguez does not claim past persecution in El Salvador, and substantial evidence supports the BIA's finding that Mejia Rodriguez did not establish a well-founded fear of persecution, *see Halim v. Holder*, 590 F.3d 971, 976-77 (9th Cir. 2009) (record did not establish the requisite objective component of a well-founded fear of persecution); *see also Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"). Thus, Mejia Rodriguez's asylum claim fails.

Because Mejia Rodriguez did not meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

We lack jurisdiction to consider Mejia Rodriguez's contention that her case be remanded for an exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

13-71166

Finally, Mejia Rodriguez's remaining contentions are unexhausted.  *See*

*Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**