NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEI ZHU-HONG, AKA Hong Mei Zhu,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-71856<br><br>Agency No. A078-751-155<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Mei Zhu-Hong, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") denial of her motion to reconsider and

reopen removal proceedings conducted in absentia.   We have jurisdiction under 8

U.S.C. § 1252.   We review for abuse of discretion the BIA's denial of motions to

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

reopen and reconsider, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we deny the petition for review.

Our review is limited to the administrative record, so we do not consider materials referenced in the opening brief that were not part of the record before the agency. *See Fisher v. INS*, 79 F. 3d 955, 963 (9th Cir. 1996) (en banc).

In construing Zhu-Hong's motion as a motion to reconsider, the BIA did not abuse its discretion in denying it because Zhu-Hong failed to specify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1).

In construing Zhu-Hong's motion as a motion to reopen, the BIA did not abuse its discretion in denying it because Zhu-Hong filed her fourth motion over nine years after she was ordered removed in absentia, and she failed to demonstrate changed circumstances in China to qualify for an exception to the time limitations for a motion to reopen. *See* 8 C.F.R. §§ 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2007) (BIA may deny a motion to reopen for failure to establish materially changed country conditions).

Finally, we lack jurisdiction to consider any contention petitioner makes that

her case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz–Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**