FILED

JAN 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAOQING XU, | No. 13-71645 |
| Petitioner, | Agency No. A087-612-570 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Baoqing Xu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Xu's testimony and written application regarding when he organized fellow farmers to confront the local government, *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010) (change in date of past harm was material and supported adverse credibility determination), and based on Xu's inability to provide names of any of the other farmers with whom he was arrested, *see Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the totality of circumstances); *see also Jin v. Holder*, 748 F.3d 959, 966 (9th Cir. 2014) (lack of detail in testimony supported adverse credibility determination). We reject Xu's contention that the IJ failed to properly consider his explanations for the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). We do not address Xu's argument that the IJ failed to comply with *Ren v. Holder* 648 F.3d 1079 (9th Cir. 2011), because the BIA expressly did not reach the IJ's failure to corroborate finding. In

the absence of credible testimony, Xu's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction over Xu's CAT claim because he did not exhaust it before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Finally, we also lack jurisdiction over Xu's request for prosecutorial discretion.  *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**