**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALFREDO RAMOS-PEREZ and ESTELA FLORES-AVELINO, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-73705 <br><br> Agency Nos.      A099-404-170 <br>                    A099-404-171 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:      GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Jose Alfredo Ramos-Perez and Estela Flores-Avelino, natives and citizens of

Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order denying their motion to reopen removal proceedings. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' second motion to reopen as untimely and number-barred, where it was filed over a year after the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and they failed to establish that any regulatory exception to the time or number limitations for filing a motion to reopen applied, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

We lack jurisdiction to address petitioners' challenges to the merits of the BIA's March 14, 2013, decision denying cancellation of removal because the petition for review is untimely as to that decision. *See* 8 U.S.C. § 1252(b)(1); *see also Singh v. Mukasey,* 533 F.3d 1103, 1110 (9th Cir. 2008) (an untimely petition for review must be dismissed for lack of jurisdiction).

To the extent petitioners challenge the BIA's decision not to exercise its sua sponte authority to reopen removal proceedings and to the extent they contend they are eligible for prosecutorial discretion, we lack jurisdiction to consider those contentions. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

We lack jurisdiction to consider petitioners' contentions that removing them would infringe on the constitutional rights of their children, because they did not

raise them to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004)

(petitioner must exhaust claims in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**