NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE JUAN ENRIQUEZ-GARCIA; MARIA DE LOS ANGELES MALDONADO-SANTANA, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73987 <br><br> Agency Nos.  A096-052-496 <br>  A096-063-478 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Jose Juan Enriquez-Garcia and Maria De Los Angeles Maldonado-Santana,

natives and citizens of Mexico, petition pro se for review of the Board of

Immigration Appeals' ("BIA") order denying their motion to reopen removal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen because it was untimely and they did not establish materially changed circumstances in Mexico as to overcome the time limitation for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi*, 597 F.3d at 990 (evidence of conditions affecting the population at large lacked materiality). We reject petitioners' contention that the BIA failed to consider any change in law, relevant circumstances, or issues on appeal. *See Najmabadi*, 597 F.3d at 990-91 (the BIA adequately considered the evidence and sufficiently announced its decision).

We lack jurisdiction to review the BIA's refusal to reopen proceedings sua sponte based on petitioners' potential eligibility for adjustment of status. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

We also lack jurisdiction to review any claims petitioners make as to the BIA's denial of administrative closure, *see Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1118 (9th Cir. 2009), or that their case warrants prosecutorial

discretion, *see Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

Finally, we deny petitioners' motion to remand.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**