FILED

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON ALBERTO LUCERO LOPEZ, AKA Ramon Espinoza-Gomez, | No.    15-70349 |
| Petitioner, | Agency No. A206-410-323 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016**

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Nelson Alberto Lucero Lopez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") order of removal.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review de novo claims of constitutional

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Lucero Lopez' contention that the IJ violated his due process rights by allegedly failing to sufficiently inquire about whether he had a fear of returning to Guatemala fails, where IJ sufficiently inquired about Lucero Lopez' potential fear of return to Guatemala and Lucero Lopez indicated that he had none. *See id*. at 620-21 ("The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." (internal citation and quotation marks omitted)).

We lack jurisdiction to consider Lucero Lopez' unexhausted contentions that he was deprived of his right against self-incrimination, his right to counsel, and his right to a neutral judge. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-70349