**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LUIS JESUS VILCHIZ-SOTO and
OBDULIA RESENDIZ-LEDESMA,
                    *Petitioners,*

            v.

ERIC H. HOLDER Jr., Attorney
General,
                    *Respondent.*

No. 12-70253

Agency Nos.
A095-194-634
A079-521-595

ORDER

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted to Motions Panel June 11, 2012*

Filed August 9, 2012

Before: Edward Leavy, Michael Daly Hawkins, and
M. Margaret McKeown, Circuit Judges.

---

## COUNSEL

Luis Jesus Vilchiz-Soto and Obdulia Resendiz-Ledesma, Fontana, California, pro se for petitioners.

Kathryn Deangelis, Washington, D.C., filed the motion to dismiss for respondent, Stuart Delery, Acting Assistant Attorney General, and Anthony W. Norwood, Senior Litigation Counsel, also were on the briefs.

---

*The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

## **ORDER**

Luis Jesus Vilchiz-Soto and Obdula Resendiz-Ledesma, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen removal proceedings and reconsider a previous denial of their application for cancellation of removal. The BIA denied the motion to reconsider because petitioners failed to demonstrate any error of fact or law in the BIA's September 22, 2011 decision, which was based on petitioners' failure to demonstrate "exceptional and extremely unusual hardship" to their qualifying relatives. 8 C.F.R. § 1003.2(b)(1). The BIA also denied the motion to reopen because petitioners did not demonstrate reopening would be proper under 8 C.F.R. § 1003.2(c)(1).

The government contends that we lack jurisdiction to review the denial of the motion to reconsider because petitioners' challenge is nothing more than a challenge to the BIA's discretionary determination that petitioners failed to establish that their removal would cause the requisite hardship to their qualifying relatives. Petitioners contend that we do have jurisdiction because they are not challenging the BIA's discretionary determinations but instead, are challenging the BIA's denial of the reconsideration motion on the ground that the BIA applied the wrong legal standard and failed to consider petitioners' equities in support of their claim for cancellation of removal.

Under 8 U.S.C. § 1252, we have jurisdiction to review final orders of removal. *See Hong v. Mukasey*, 518 F.3d 1030, 1034 (9th Cir. 2008). However, absent a colorable legal or constitutional claim, we lack jurisdiction to review the BIA's discretionary determination that an alien failed to prove that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. *See* 8 U.S.C. § 1252(a)(2)(B)(i) (stating in

relevant part that "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review — any judgment regarding the granting of relief under section . . . 1229b [cancellation of removal]"). *See also Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003) (holding that an exceptional and extremely unusual hardship determination is a subjective discretionary judgment that has been carved out of the court's jurisdiction). We have held that traditional abuse of discretion challenges recast as alleged due process violations do not present sufficiently colorable constitutional questions as to give this court jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005) (citing 8 U.S.C. § 1252(a)(2)(B)(i)) (holding that the petitioner's argument that the Immigration Judge ("IJ") violated her right to due process by misapplying the facts of her case to applicable law was "nothing more than an argument that the IJ abused his discretion, a matter over which we have no jurisdiction").

Here, the BIA's denial of the motion to reconsider falls outside the court's jurisdiction because the court cannot reconsider the discretionary, fact-based determination that petitioners failed to demonstrate the requisite hardship. *See Sarmadi v. INS*, 121 F.3d 1319, 1322 (9th Cir. 1997) (holding "where Congress explicitly withdraws our jurisdiction to review a final order of deportation, our authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn"); *see also Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir. 2006) (holding court lacks jurisdiction to review the BIA's denial of a motion to reopen where the BIA already denied cancellation of removal on direct appeal based on failure to demonstrate exceptional and extremely unusual hardship, and the newly introduced evidence spoke to the same hardship). Accordingly, we lack jurisdiction to review the BIA's denial of the motion to reconsider because petitioners' contentions, namely that the agency failed to properly weight their hardship evidence, does not

state a colorable due process claim. *See Martinez-Rosas*, *supra*, 424 F.3d at 930.

Further, we lack jurisdiction to review petitioners' contention that the agency abused its discretion in denying the motion to reopen to seek prosecutorial discretion based on the recent order of President Obama. *See* 8 U.S.C. § 1252(g); *see also Barahona-Gomez v. Reno*, 236 F.3d 1115, 1120-21 (9th Cir. 2001) (holding that section 1252(g) barred review of discretionary, quasi-prosecutorial decisions by asylum officers and INS district directors to adjudicate cases or refer them to immigration judges for hearing).

Lastly, to the extent petitioners contend they received ineffective assistance of counsel, we lack jurisdiction to review unexhausted claims that could have been corrected by the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Accordingly, we grant respondent's motion to dismiss for lack of jurisdiction.

All other pending motions are denied as moot. The temporary stay of removal will terminate upon issuance of the mandate.

**DISMISSED.**