**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ONEYDA RAMIREZ-ESCOBAR, | No. 11-71318 |
| Petitioner, | Agency No. A097-818-392 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:   CANBY, TROTT, and THOMAS, Circuit Judges.

Oneyda Ramirez-Escobar, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeal order dismissing her appeal from

an immigration judge's decision denying her application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that even though Ramirez-Escobar suffered past persecution on account of an imputed political opinion based on her relationship with her ex-boyfriend, her presumption of a well-founded fear of future persecution was rebutted by a fundamental change in circumstances. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Further, substantial evidence also supports the agency's finding that Ramirez-Escobar did not otherwise establish a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, Ramirez-Escobar's asylum claim fails.

Because Ramirez-Escobar failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Gonzalez-Hernandez*, 336 F.3d at 1001 n.5.

Substantial evidence also supports the BIA's denial of CAT relief because Ramirez-Escobar failed to establish that it is more likely than not she would be tortured by the Guatemalan government or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to consider Ramirez-Escobar's contention that her case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**