**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESMERALDA CONSUELO PELAEZ, | No. 12-73525 |
| Petitioner, | Agency No. A070-931-951 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Esmeralda Consuelo Pelaez, a native and citizen of Guatemala, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing an

immigration judge's denial of her motion to reopen removal proceedings

conducted in absentia.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Pelaez's motion to reopen where the hearing notice was sent by regular mail to the address last provided to the immigration court, and she failed to rebut the presumption of effective service. *See Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009) ("The government satisfies notice requirements 'by mailing notice of the hearing to an alien at the address last provided to the INS.'"); *Sembiring*, 499 F.3d at 986 (describing factors relevant to overcome presumption of effective service sent by regular mail).

The BIA did not abuse its discretion in denying Pelaez's motion to reopen as untimely where it was filed almost two years after her removal order became final, *see* 8 U.S.C. § 1229a(b)(5)(C)(i) (applicant has 180 days to file a motion to reopen to rescind the in absentia order if the applicant can show that she failed to appear for the hearing due to exceptional circumstances), and Pelaez failed to show the due diligence necessary for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling of the filing deadline is available where petitioner establishes that he was prevented from filing because

of deception, fraud or error, and acted with due diligence in discovering such circumstances).

We lack jurisdiction to consider Pelaez's contention that her case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**