**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO SANABRIA-VALDEZ, | No. 13-73625 |
| Petitioner, | Agency No. A079-519-428 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Armando Sanabria-Valdez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen. *Avagyan v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying as untimely Sanabria-Valdez's motion to reopen based on the alleged ineffective assistance of his two former attorneys where he filed the motion approximately nine years after his final order of removal, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and failed to establish ineffective assistance of counsel to warrant equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679-80 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances).

To the extent Sanabria-Valdez contends that the BIA abused its discretion in declining to reopen proceedings sua sponte or that this case warrants a favorable exercise of prosecutorial discretion, we lack jurisdiction to consider these contentions. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

In light of our disposition, we need not reach Sanabria-Valdez's remaining contentions. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**