NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 1 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUSTAVO MOLINA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-70478

Agency No. A075-533-935

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015**

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Gustavo Molina, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The record does not compel the conclusion that Molina demonstrated extraordinary circumstances, or that he filed his asylum application within a reasonable period of time after changed circumstances, to excuse the late filing of his application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008) (364-day delay in filing asylum application after non-immigrant status expired was not a reasonable period). Thus, we deny the petition as to Molina's asylum claim.

Molina rests his claims of past persecution and future fear on his father's military service in El Salvador. Substantial evidence supports the agency's finding that Molina's experiences in El Salvador did not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60 (mistreatment, including two beatings, did not compel finding of past persecution). Substantial evidence also supports the agency's finding that Molina failed to establish it is more likely than not that he would face future persecution in El Salvador. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Thus, Molina's withholding of removal claim fails.

Further, substantial evidence supports the agency's denial of Molina's CAT

claim because he failed to show that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Thus, we deny the petition as to Molina's CAT claim.

Finally, we reject Molina's contention that the BIA's decision was insufficient. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not "write an exegesis on every contention").

**PETITION FOR REVIEW DENIED.**

13-70478