**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MERVYN FRANCIS ALS-MCLISTER, AKA Mervin Francis, AKA Mervyn Francis McLister-Als, | No. 14-70656 |
| Petitioner, | Agency No. A205-324-111 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Mervyn Francis Als-McLister, a native and citizen of Trinidad and Tobago,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for special

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

rule cancellation of removal under the Violence Against Women Act of 1994 ("VAWA"). *See* 8 U.S.C. § 1229b(b)(2). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual determinations. *Hernandez v. Ashcroft*, 345 F.3d 824, 832 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Als-McLister failed to establish he had been battered or subjected to extreme cruelty by his U.S.-citizen spouse. *See* 8 U.S.C. § 1229b(b)(2)(A)(i); *Hernandez*, 345 F.3d at 840 ("extreme cruelty" is not "mere unkindness" and must rise to a level of an "extreme concept of domestic violence" in which a spouse engaged in "manipulative tactics aimed at ensuring the batterer's dominance and control").

We do not consider Als-McLister's challenge to his bond determination, *see* 8 C.F.R. § 1003.19(d) (IJ's consideration of an alien's application or request regarding custody or bond "shall be separate and apart from . . . any deportation or removal hearing or proceeding"), any request for prosecutorial discretion, *see* *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order), or evidence regarding the I-130 visa petition Als-McLister's sister filed on his behalf, *see* *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

In light of our disposition, we need not reach Als-McLister's remaining contention regarding hardship.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**