**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NORMA CRISTINA CAL and ROELI GALINDO CAL CARRETO, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 15-70045 <br><br> Agency Nos.     A205-553-767 <br>                  A205-553-768 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Norma Cristina Cal and Roeli Galindo Cal Carreto, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their motion

to reopen removal proceedings conducted in absentia. Our jurisdiction is governed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by denying petitioners' motion to reopen, where petitioners did not establish that exceptional circumstances excused their failure to appear at their hearing. *See* 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as circumstances beyond the control of the alien, including battery, extreme cruelty, death, or serious illness of the alien or their immediate relatives, but not less compelling circumstances).

We lack jurisdiction to consider petitioners' March 8, 2016, request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

To the extent petitioners contend they are eligible for relief, we need not reach this remaining contention in light of our disposition.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**