NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOISES FORTIN MIRALDA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-73115

Agency No. A072-543-229

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Moises Fortin Miralda, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.   Our jurisdiction is governed by 8 U.S.C. § 1252.   We

review for abuse of discretion the denial of a motion to reopen and review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

claims of due process violations in removal proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Fortin Miralda's second motion to reopen as untimely and number-barred, where it was filed over 17 years after the agency's final order, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to establish materially changed circumstances in Honduras to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought).

We reject Fortin Miralda's contention that the BIA violated due process by failing to consider evidence. *See Najmabadi*, 597 F.3d at 990-91 (finding the Board adequately considered petitioner's evidence and sufficiently announced its decision); *Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) ("an applicant attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence").

We lack jurisdiction to consider Fortin Miralda's argument that the filing deadline for his motion to reopen should have been equitably tolled because he

failed to raise it to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Finally, we lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings.  *See Go v. Holder*, 744 F.3d 604, 609-10 (9th Cir. 2014); *cf. Bonilla v. Lynch*, No. 12-73853, 2016 WL 3741866 (9th Cir. July 12, 2016).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**