**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

BALJINDER SINGH CHEEMA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   14-73089

Agency No. A095-592-620

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Baljinder Singh Cheema, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.   Our jurisdiction is governed by 8 U.S.C. § 1252.   We

review for abuse of discretion the denial of a motion to reopen.   *Toufighi v.*

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

We do not consider materials presented with the opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The BIA did not abuse its discretion in denying Cheema's motion to reopen as untimely, where Cheema filed it six years after the BIA's final decision, and did not establish any exception to the statutory time limitation for motions to reopen. *See* 8 C.F.R. § 1003.2(c); *Toufighi*, 538 F.3d at 993-97 (BIA did not abuse its discretion in denying motion to reopen as untimely).

We lack jurisdiction to review the BIA's refusal to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, No. 12-73853, 2016 WL 3741866 (9th Cir. July 12, 2016).

Finally, we lack jurisdiction to consider Cheema's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**