**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PANTALEON CASTRO, | No.    14-71835 |
| Petitioner, | Agency No. A070-934-236 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Pantaleon Castro, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's order denying his motion to reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen. *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Castro's motion to reopen as untimely, where the motion was filed more than sixteen years after his final order of removal, *see* 8 C.F.R. § 1003.23(b)(1), he has not demonstrated that he warrants equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances), and he failed to present sufficient evidence of changed country conditions in Guatemala to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.23(b)(4)(i).

We reject Castro's contention that the agency ignored his arguments. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency must "merely . . . announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and quotation marks omitted)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

To the extent Castro challenges the agency's decision not to invoke its sua sponte authority to reopen, we lack jurisdiction to review that contention. *See*

14-71835

*Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, No. 12-73853, 2016 WL 3741866, at \*10 (9th Cir. July 12, 2016).

Castro contends he qualifies for prosecutorial discretion, but we lack jurisdiction to consider this contention. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

In light of our disposition, we do not reach Castro's remaining contentions.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part**.