**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MANUEL ANTONIO DE JESUS CHAVEZ-RIVERA, | No. 14-72910 |
| Petitioner, | Agency No. A098-896-326 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

Manuel Antonio de Jesus Chavez-Rivera, a native and citizen of El

Salvador, petitions pro se for review of the Board of Immigration Appeals'

("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction

is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Chavez-Rivera's second motion to reopen as untimely and number-barred, where Chavez-Rivera has not established that any statutory or regulatory exception to the filing limitations applies. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3) (setting forth exceptions to the filing limitations for motions to reopen).

Chavez-Rivera's contentions that the BIA failed to consider relevant factors or evidence, applied an incorrect legal standard, or otherwise failed to sufficiently articulate its reasons for denying his motion are unsupported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Accordingly, Chavez-Rivera's due process claims fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

To the extent Chavez-Rivera now contends he is eligible for cancellation of removal, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review

14-72910

legal claims not presented in an alien's administrative proceedings before the BIA.").

To the extent Chavez-Rivera challenges the BIA's decision not to invoke its sua sponte authority to reopen, we lack jurisdiction over that contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Finally, we lack jurisdiction to consider Chavez-Rivera's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**