**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BAUDELIO RODRIGUEZ-FRANQUEZ and MARIA ISABEL RODRIGUEZ PRADO-MEZA, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-71269 <br><br> Agency Nos.      A075-716-474 <br>                        A075-716-473 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Baudelio Rodriguez-Franquez and Maria Isabel Rodriguez Prado-Meza,

natives and citizens of Mexico, petition pro se for review of the Board of

Immigration Appeals' ("BIA") order denying their motion to reopen removal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen based on ineffective assistance of counsel, where petitioners failed to establish prejudice resulting from their prior attorney's alleged ineffective assistance. *See id.* at 793 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that he was prejudiced by counsel's performance). We reject petitioners' contention that the BIA applied an incorrect legal standard in its prejudice determination.

Because the prejudice determination is dispositive, the BIA did not need to address petitioners' contentions regarding their prior attorney's performance. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation omitted)).

The BIA did not abuse its discretion in denying petitioners' motion to reopen to apply for asylum and related relief, where petitioners did not demonstrate prima facie eligibility. *See* 8 C.F.R. §§ 1208.13, 1208.16, 1208.18; *Najmabadi v.*

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the relief sought).

We lack jurisdiction to consider petitioners' request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

Petitioners' request for referral to the court's mediation program is denied.

In light of this disposition, we do not address petitioners' remaining contentions.

Petitioners' motion to file their untimely reply brief is granted.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**