NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONG THANH CHAU,<br><br>            Petitioner,<br><br>    v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>            Respondent. | No.    16-70010<br><br>Agency No. A042-811-907<br><br><br>MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Cong Thanh Chau, a native and citizen of Vietnam, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his motion to reconsider and reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen or reconsider and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Chau's motion to reconsider and reopen as untimely, where it was filed fourteen years after his final order of removal, *see* 8 C.F.R. § 1003.23(b)(1), and Chau failed to establish any exception to the filing deadline, *see* 8 C.F.R. § 1003.23(b)(4).

To the extent Chau contends he is eligible for status under 8 U.S.C. § 1154(f), the IJ correctly noted that the granting of such status is outside of the immigration court's jurisdiction, *see* 8 U.S.C. § 1154(f)(1) (petition for classification is to be filed with the Attorney General), and the record does not reflect that Chau has filed such a petition.

To the extent Chau requests prosecutorial discretion, we lack jurisdiction to consider that request. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

Chau's remaining contentions, including alleged violations of due process, equal protection, and international law, are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-70010