NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABEL SANCHEZ LINARES, AKA Abel Hernandez, AKA Angel Hernandez, AKA Abel Sanchez, AKA Abel Linares Sanchez, AKA Angel Sanchez, | No. 16-71969 |
| | Agency No. A205-311-710 |
| Petitioner, | MEMORANDUM* |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Abel Sanchez Linares, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order of removal. Our jurisdiction is governed by 8 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's adverse credibility determination, and review de novo questions of law. *Shrestha v. Holder*, 590 F.3d 1034, 1039, 1048 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination, where Sanchez Linares' testimony regarding his entry to the United States was internally inconsistent and inconsistent with the documentary evidence he provided. *See id*. at 1046-48 (adverse credibility determination supported under the totality of the circumstances). Because Sanchez Linares' testimony was not credible, and he did not provide sufficient documentary evidence regarding the time, place, and manner of his entry, the agency properly determined that he failed to meet his burden of establishing that he entered the United States lawfully. *See* 8 U.S.C. §§ 1229a(c)(2), 1361; 8 C.F.R. § 1240.8(c).

We lack jurisdiction to consider Sanchez Linares' unexhausted contentions regarding the alleged ineffective assistance of counsel or his eligibility for relief. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (new evidence may be added to the record through a motion to reopen with the agency).

16-71969

We also lack jurisdiction to consider Sanchez Linares' request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**