NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO JACOBO-HECTOR, | No. 16-70312 |
| Petitioner, | Agency No. A095-750-354 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Hugo Jacobo-Hector, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motions

to reopen and reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen or reconsider, and

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Jacobo-Hector's motions to reopen and reconsider as untimely where the motions were filed over two years after the agency's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (90-day deadline to file a motion to reopen); (6)(B) (30-day deadline to file a motion to reconsider).

We reject Jacobo-Hector's contentions that the BIA ignored evidence, failed to provide a reasoned explanation for its actions, or applied an incorrect legal standard. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision).

Jacobo-Hector's contention that the BIA's denial of the motions violated his children's constitutional rights is foreclosed by *Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir. 1978) (rejecting the contention that a parent's "deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child").

We lack jurisdiction to review Jacobo-Hector's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder,* 688 F.3d 642, 644 (9th Cir. 2012) (order).

We do not reach Jacobo-Hector's contentions regarding eligibility for relief,

sua sponte reopening, and changed circumstances in Mexico. *See Najmabadi*, 597

F.3d at 986 (review is limited to the actual grounds relied upon by the BIA);

*Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are

not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-70312