NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO RUBEN GARCIA-CHAVIRA,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    16-70508<br><br>Agency No. A097-422-245<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Sergio Ruben Garcia-Chavira, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Contrary to Garcia-Chavira's contention, the BIA used the proper "future-oriented" standard in determining that he failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Figueroa v. Mukasey*, 543 F.3d 487, 497-98 (9th Cir. 2008) (agency must conduct a "future-oriented analysis" in determining whether "removal *would result* in an exceptional and extremely unusual hardship" to qualifying relatives (emphasis in original)). We otherwise lack jurisdiction to review the BIA's discretionary hardship determination. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary hardship determination).

Because the BIA conducted a de novo review of the hardship determination, we do not consider Garcia-Chavira's challenges to the IJ's hardship determination. *See Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1061 (9th Cir. 2008) ("Where the BIA conducts an independent review of the IJ's findings, we review the BIA's decision and not that of the IJ.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-70508