NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FILIBERTO BELLO SUAREZ, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 16-73143 Agency No. A096-346-311 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Filiberto Bello Suarez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen.

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Bello Suarez's tenth motion to reopen as untimely and number-barred where the motion was filed more than nine years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and where he failed to establish any of the regulatory exceptions to the time and number limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3). In light of our disposition, we do not reach Bello Suarez's remaining contentions regarding hardship.

We lack jurisdiction to review the BIA's decision not to reopen sua sponte where Bello Suarez fails to establish any legal or constitutional errors behind the decision. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

We lack jurisdiction to consider Bello Suarez's contention that his case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

To the extent Bello Suarez seeks review of the BIA's December 2006 order, we lack jurisdiction because this petition is not timely as to that order. *See* 8 U.S.C.

16-73143

§ 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405 (1995).

We do not consider the extra-record evidence submitted with Bello Suarez's opening brief. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**