**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAMARIS GABRIELA GUIFARRO-
ACEITUNO,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    17-70225

Agency No. A206-475-687

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Damaris Gabriela Guifarro-Aceituno, a native and citizen of Honduras,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

her appeal from an immigration judge's order denying her motion to reopen

removal proceedings conducted in absentia. Our jurisdiction is governed by

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Guifarro-Aceituno's motion to reopen based on lack of notice, where Guifarro-Aceituno was personally served a Notice to Appear that informed her of her obligation to provide the court with a current address, and she failed to do so. *See* 8 C.F.R. § 1003.23(b)(4)(ii); 8 U.S.C. § 1229a(b)(5)(B) (no notice of hearing required if the alien has failed to provide a current address); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

The agency also did not abuse its discretion or violate due process in denying reopening to apply for asylum, where Guifarro-Aceituno did not demonstrate changed country conditions to qualify for the regulatory exception to the filing deadline for motions to reopen. *See* 8 C.F.R. § 1003.23(b)(4)(i); *Lata*, 204 F.3d at 1246.

We lack jurisdiction to consider Guifarro-Aceituno's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

17-70225

We do not consider the extra-record documentation submitted for the first time with Guifarro-Aceituno's opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard of review for out-of-record evidence).

In light of this disposition, we do not reach Guifarro-Aceituno's remaining contentions regarding her eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**