**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

URIEL AVILA-VALLEJO,

    Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

    Respondent.

No.   19-71123

Agency No. A216-429-316

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Uriel Avila-Vallejo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order summarily affirming an

immigration judge's ("IJ") decision denying his motion to reconsider the

pretermission of his application for cancellation of removal.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reconsider. *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's denial of Avila-Vallejo's motion because it seeks reconsideration of the IJ's discretionary determination that Avila-Vallejo lacks good moral character under the catch-all provision of 8 U.S.C. § 1101(f). *See Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005) (the court lacks jurisdiction to review discretionary determinations of moral character), *overruled on other grounds by Sanchez v. Holder*, 560 F.3d 1028 (9th Cir. 2009) (en banc); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (the court lacks jurisdiction over a motion to reconsider where the BIA relied on an unreviewable discretionary determination). To the extent Avila-Vallejo contends the agency erroneously precluded him as a matter of law from showing good moral character, this contention is unsupported, where the agency relied on the catch-all provision and not the per se categories of 8 U.S.C. § 1101(f) and weighed other factors in its analysis.

We lack jurisdiction to review Avila-Vallejo's unexhausted contentions that the IJ should have informed him of any apparent eligibility for relief, explained hearing procedures, and afforded him an opportunity to present additional evidence. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative

19-71123

proceedings before the BIA.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**