**NOT FOR PUBLICATION**



FILED

AUG 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENDA LECHUGA MUNGUIA, | No.  19-72552 |
| Petitioner, | Agency No. A087-880-128 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2022[**]
San Francisco, California

Before:  RAWLINSON, BADE, and BRESS, Circuit Judges.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner Brenda Lechuga Munguia (Petitioner), a native and citizen of Mexico, petitions for review of a decision from the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for cancellation of removal. We lack jurisdiction to review Petitioner's challenge to the denial, and we **DISMISS** the petition for review.[1]

**1.** We first consider whether we have jurisdiction under 8 U.S.C. § 1252 to review this petition, and "[w]e review our own jurisdiction de novo." *Taslimi v. Holder*, 590 F.3d 981, 984 (9th Cir. 2010) (citation omitted). The Supreme Court held in *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022), that federal courts "lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255 and the other provisions enumerated in § 1252(a)(2)(B)(i)." Cancellation of removal is included in the "other provisions enumerated." *Id*. at 1619; *see also* § 1252(a)(2)(B)(i) (listing, among other provisions, 8 U.S.C. § 1229b, the statute governing cancellation of removal). *Patel* specifically stated that the jurisdictional bar "does not restrict itself to certain kinds of decisions," and thus applies to "the decision that an applicant has fewer than 10 years of continuous presence in the United States." 142 S. Ct. at 1622. The Court noted, however, that the

---

[1] Petitioner does not challenge the BIA's denial of her request to terminate proceedings due to alleged deficiencies in the Notice to Appear.

jurisdictional bar "has an important qualification" that "preserves review of constitutional claims and questions of law," but not "questions of fact." *Id*. at 1619, 1623.

**2.** Petitioner contends that the agency "erred" in determining that Petitioner failed to meet her burden to establish that she was continuously physically present in the United States for ten years prior to being served with a Notice to Appear. Petitioner argues that "the record is consistent that [she] initially entered the United States in January of 2000." Petitioner maintains that her "testimony to the court regarding her entry and whereabouts from 2000-2002," the lack of "an adverse credibility finding" made against Petitioner, her explanation of any missing documents, and her corroborating witnesses' testimony were sufficient to show that the IJ erred in his determination. These assertions challenge the agency's continuous presence determination on a factual basis, but this Court lacks jurisdiction to review an agency's purely factual determination that an applicant failed to establish continuous physical presence. *See id*. at 1622-23; *see also Ibarra-Flores v. Gonzalez*, 439 F.3d 614, 618 (9th Cir. 2006) (characterizing the determination of continuous physical presence as factual). Because Petitioner has failed to raise any colorable legal or constitutional claim, we lack jurisdiction over

this petition.[2]  *See* 8 U.S.C. § 1252(a)(2)(D); *see also Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

**PETITION DISMISSED.**

---

[2] Because we dismiss the petition for review, we deny as moot Petitioner's motion for stay of removal pending appeal.