**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-1900**

———————

NORMA DIAZ-PORTILLO,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  October 31, 2023                    Decided:  November 2, 2023

———————

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Petition denied in part and dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  W. Steven Smitson, SMITSON LAW LLC, Columbia, Maryland, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Sabatino F. Leo, Assistant Director, Jaclyn G. Hagner, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norma Diaz-Portillo, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's oral decision denying Diaz-Portillo's applications for asylum and withholding of removal. We deny the petition for review in part and dismiss it in part.

First, we discern no error in the agency's legal ruling that the "particular social group" at issue—to wit: Salvadoran women who are threatened after rejecting a gang leader's sexual advances—lacks cognizability. *See Morales v. Garland*, 51 F.4th 553, 557 (4th Cir. 2022) (providing for de novo review of agency's cognizability ruling); *accord Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020) (affirming agency's holding that proposed social group of "El Salvadoran women who have rejected the sexual advances of a gang member" lacked cognizability). Next, we observe that Diaz-Portillo does not address the agency's ruling that she failed to establish the requisite nexus between her family-based social group, which the agency properly found was cognizable, and the past persecution Diaz-Portillo sustained and the future persecution she feared. Accordingly, we hold that Diaz-Portillo has forfeited review of this issue.[*] *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs);

---

[*] Diaz-Portillo has also forfeited review of the denial of her claim for relief under the Convention Against Torture (CAT) by failing to raise that issue before this court. *See Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waives the issue).

*see also Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

Finally, although Diaz-Portillo challenges the immigration judge's alternative holding that she failed to prove that the Salvadoran government was unable or unwilling to protect her from the alleged private-actor persecutor (in this case, a gang leader), this issue is not properly before us because the Board did not rely on that aspect of the immigration judge's analysis in affirming the order of removal. *See Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021) (explaining that, "[w]hen the Board adopts the analysis used by the IJ [and] supplements it with its own reasoning, we review both decisions," but that "we limit our consideration of the IJ's [decision] to the portions that have been adopted and incorporated into the Board's decision" (internal quotation marks omitted)). For these reasons, and because our review of the record does not compel a ruling contrary to the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), we deny the petition for review as to Diaz-Portillo's applications for asylum and withholding of removal, *see In re Diaz-Portillo* (B.I.A. July 26, 2022).

The final matter for our consideration is Diaz-Portillo's motion to remand this matter to the agency to allow for consideration of her request for prosecutorial discretion. But we lack jurisdiction to review the agency's exercise of prosecutorial discretion, *see* 8 U.S.C. § 1252(g); *accord Veloz-Luvevano v. Lynch*, 799 F.3d 1308, 1315 (10th Cir. 2015); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012), and granting Diaz-Portillo's request for remand—particularly given that the Department of Homeland Security has not

expressed that it is willing to consider its position on prosecutorial discretion—would contravene § 1252(g)'s jurisdictional bar. We therefore dismiss the petition for review as to Diaz-Portillo's request for an agency remand to pursue the favorable exercise of prosecutorial discretion.

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART,*
*DISMISSED IN PART*

4