**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIUQIN LIANG,<br><br>            Petitioner,<br><br>    v.<br><br>JEFF B. SESSIONS, Attorney General,<br><br>            Respondent. | Nos.    14-71490<br>            14-72969<br><br>Agency No. A099-739-825<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Xiuqin Liang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

of removal (No. 14-71490), and of the BIA's subsequent denial of her motion to

reopen proceedings (No. 14-72969).  Our jurisdiction is governed by 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and review for abuse of discretion the denial of a motion to reopen, *Sharma v. Holder*, 633 F.3d 865, 872 (9th Cir. 2011). We deny the petitions for review.

Liang's renewed request to refer this case to mediation is denied in light of our resolution of her previous request (No. 14-71490, Docket Entry No. 9; No. 14-72969, Docket Entry No. 7).

We lack jurisdiction to consider Liang's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

As to petition No. 14-71490, substantial evidence supports the agency's adverse credibility determination based on Liang's inability to recall the address of the business she claimed to have run from 1999 to 2006, the discrepancy as to whether Liang's husband was beaten after Liang escaped China, and the agency's findings regarding Liang's trips to the hospital where she allegedly underwent two abortions. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). The agency reasonably rejected Liang's explanations. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir.2011) ("the

2                                                                    14-72969

record does not compel the finding that the IJ's unwillingness to believe [the explanation] was erroneous"). In the absence of credible testimony, in this case, Liang's asylum and withholding of removal claims fail. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

As to petition No. 14-72969, the BIA did not abuse its discretion in denying Liang's motion to reopen where Liang failed to present clear and convincing evidence of a strong likelihood that her marriage to a United States citizen was bona fide. *See Sharma*, 633 F.3d at 872 (applicant must offer evidence "probative of the motivation for marriage, not just the bare fact of getting married")(internal citation and quotation omitted).

**PETITIONS FOR REVIEW DENIED.**