**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO GARCIA PANTOJA, | No.    15-71309 |
| Petitioner, | Agency No. A073-960-038 |
| v. | |
| JEFFERSON B. SESSIONS, III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Fernando Garcia Pantoja, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying his motion to reopen deportation proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err or abuse its discretion in denying as untimely Pantoja's motion to reopen, where it was filed 14 years after issuance of his order of deportation. 8 C.F.R. § 1003.23(b)(1).

Our jurisdiction to review the agency's sua sponte determination is limited to "reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Pantoja has not established that the agency erred in its determination that he failed to show prima facie eligibility for any forms of relief, including cancellation of removal and repapering, over which the agency has jurisdiction, regardless of the IJ's alleged error in calling repapering a "proposal." *See* 8 C.F.R. § 1003.23 ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall . . . . be accompanied by the appropriate application for relief and all supporting documents.").

To the extent Pantoja seeks prosecutorial discretion before this court, we lack jurisdiction to consider such a request. *Vilchiz-Soto v. Holder*, 688 F.3d 642

(9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**