**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ERICSCANDE GARCIA-LOPEZ,

    Petitioner,

v.

JEFFERSON B. SESSIONS, III, Attorney General,

    Respondent.

No.   15-72166

Agency No. A206-081-755

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Ericscande Garcia-Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Garcia-Lopez's contention that the agency violated due process by failing to consider relevant evidence of hardship is not supported by the record. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010) (the agency must consider the issues raised and express its decision "in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and internal quotation marks omitted)); *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (holding that the immigration judge's decision need not discuss every piece of evidence, and accepting the immigration judge's general statement that he considered all of the evidence before rendering a decision.)

To the extent Garcia-Lopez requests review of the agency's discretionary determination that he failed to show exceptional and extremely unusual hardship to his qualifying relatives, we lack jurisdiction to consider this contention. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship, and traditional abuse of discretion challenges recast as alleged due process violations do not restore jurisdiction).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**