**Eddin Julio TUMAX-TUY, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 12-71637

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 19, 2017

Eddin Julio Tumax-Tuy, Pro Se

Lindsay Corliss, Ada Elsie Bosque, Senior Litigation Counsel, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Eddin Julio Tumax-Tuy, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

To the extent Tumax-Tuy seeks prosecutorial discretion before this court, we lack jurisdiction to consider such a request. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

We also lack jurisdiction to consider Tumax-Tuy's challenges to the BIA's December 28, 2011, order dismissing his direct appeal because he did not timely file a petition for review of that order. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537,

131 L.Ed.2d 465 (1995) (deadline for filing a petition for review from a final order of removal is "mandatory and jurisdictional").

The BIA did not abuse its discretion in denying Tumax-Tuy's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's May 4, 2012, order. *See* 8 C.F.R. § 1003.2(b)(1).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.