**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR PINA, | No. 14-70173 |
| Petitioner, | Agency No. A073-984-081 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017**

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Cesar Pina, a native and citizen of Mexico, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to remand and

dismissing his appeal from an immigration judge's ("IJ") decision denying

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to remand. *Romero-Ruiz v. Mukasey,* 538 F.3d 1057, 1062 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Pina's motion to remand, where he did not show that the hardship evidence submitted on appeal was not previously available or that the asylum application established prima facie eligibility for relief. *See id.* at 1063-64 (a motion to remand is subject to the same requirements as a motion to reopen, and alien must show the evidence submitted could not have been presented at prior hearings); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (motion to reopen can be denied for failure to establish a prima facie case for the relief sought).

We lack jurisdiction to review the agency's denial of cancellation of removal for failure to show exceptional and extremely unusual hardship to a qualifying relative, and Pina does not raise a colorable legal or constitutional claim to invoke jurisdiction. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary hardship determination). To the extent Pina challenges the IJ's determination regarding continuous physical presence, we do not consider this contention because the BIA did not rely on the IJ's determination in denying relief. *See Najmabadi*, 597 F.3d at 992 (court's review is limited to the grounds actually

relied upon by the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**