NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SONIA MOLINA-ALVARADO, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No.  15-72199 Agency No. A070-163-657 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Sonia Molina-Alvarado, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her motion to reopen removal

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. §

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Molina-Alvarado's motion to reopen as untimely where it was filed more than nineteen years after the filing deadline. *See* 8 C.F.R. § 1003.23(b)(1), (4)(iii)(A)(1) (an order of deportation entered in absentia may only be rescinded upon a motion to reopen filed within 180 days of the order if the alien demonstrates exceptional circumstances). Additionally, Molina-Alvarado did not show that notice was improper where she was properly served with the order to show cause and notice of hearing, and was given written notice and was read in her native language the consequences of failing to appear. *See* 8 U.S.C. § 1252b(a)(2) (1993) (requiring written notice of the time and place of proceedings, as well as written notice of the consequences of failing to appear).

Contrary to Molina-Alvarado's contention, the BIA's decision in *Matter of M-S-*, 22 I. & N. Dec. 349 (BIA 1998), does not provide an independent basis for untimely reopening of her deportation proceedings. *See id.* at 357 (motion to reopen in absentia proceeding to apply for new relief is subject to timeliness requirements of 8 C.F.R. § 1003.2(c)).

Finally, we lack jurisdiction to consider Molina-Alvarado's request for

remand for purposes of seeking prosecutorial discretion. *See Vilchiz-Soto v.*

*Holder,* 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**