**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS GONZALEZ MARTINEZ, AKA Ananias Mateo Mateo, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-70881 <br><br> Agency No. A088-717-703 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Santos Gonzalez Martinez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order. We dismiss the petition for

review.

---

  *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the BIA's order dismissing Gonzalez Martinez's appeal from an IJ's removal order because he waived his right of appeal, and thereby failed to exhaust his administrative remedies. *See Joo v. INS*, 813 F.2d 211, 212 (9th Cir. 1987) ("A waiver of the right to appeal is a failure to exhaust administrative remedies.").

To the extent Gonzalez Martinez contends the waiver was invalid because his former counsel failed to ask if he feared persecution or harm in Guatemala, we lack jurisdiction to consider this unexhausted contention. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) ("A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal."); *Brown v. Holder*, 763 F.3d 1141, 1146 (9th Cir. 2014) (requiring petitioner to exhaust challenge to waiver of appeal).

We lack jurisdiction to consider Gonzalez Martinez's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DISMISSED.**