NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSFREDI VIDAL ORDONEZ VELASQUEZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-71213 <br><br> Agency No. A070-637-085 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Osfredi Vidal Ordonez Velasquez, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

denying his second motion to reopen. Our jurisdiction is governed by 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Ordonez Velasquez's second motion to reopen as untimely and number-barred where he filed it over 12 years after his order of removal became final, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(1); 8 C.F.R. § 1003.2(c)(2), and he has not established that any statutory or regulatory exception applies. *See* 8 U.S.C. § 1229a(c)(7)(C), 8 C.F.R. § 1003.2(c)(2)-(3).

Ordonez Velasquez cites no authority to support his contention that his removal from the United States would violate the constitutional rights of his children. *See De Mercado v. Mukasey,* 566 F.3d 810, 816 n. 5 (9th Cir. 2009) (denial of an application for cancellation of removal does not implicate constitutional rights concerning family unity or child rearing).

The record does not support Ordonez Velasquez's contention that the BIA failed to state its reasoning or show proper consideration for his contentions. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010).

To the extent Ordonez Velasquez challenges the BIA's 2003 order summarily dismissing his appeal from an immigration judge's denial of asylum and related relief, we lack jurisdiction to consider those contentions because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not

later than 30 days after the date of the final order of removal."). Therefore, we do not reach Ordonez Velasquez's contentions regarding eligibility for cancellation of removal or suspension of deportation. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

To the extent Ordonez Velasquez contends that he may have been the victim of ineffective assistance of counsel, we lack jurisdiction to consider this unexhausted contention. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

To the extent Ordonez Velasquez contends that the BIA should have exercised its sua sponte authority to reopen his case, we lack jurisdiction to consider this contention absent a claim of legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

We also lack jurisdiction to consider Ordonez Velasquez's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

We do not consider the extra-record documentation submitted with Ordonez Velasquez's opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard of review for out-of-record evidence).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**