NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERESA DE JESUS PATINO-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   17-71761 <br><br> Agency No. A095-194-152 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Teresa De Jesus Patino-Gonzalez, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Patino-Gonzalez's seventh motion to reopen as untimely and number-barred, where she filed it more than nine years after the order of removal became final, and she has not established that any statutory or regulatory exception applies. *See* 8 U.S.C. § 1229a(c)(7), 8 C.F.R. § 1003.2(c)(2), (3).

The court's jurisdiction to review the BIA's *sua sponte* determination is limited to reviewing the reasoning behind the decision for legal or constitutional error, and Patino-Gonzalez has not established any error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016); *De Mercado v. Mukasey,* 566 F.3d 810, 816 n. 5 (9th Cir. 2009) (denial of an application for cancellation of removal does not implicate constitutional rights concerning family unity or child rearing).

We lack jurisdiction to consider Patino-Gonzalez's challenges to the agency's underlying hardship determination, because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) (petition for review of a final order of removal must be filed within 30 days of that order); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996) (this court lacks jurisdiction to review an underlying order of removal on petition for review from the denial of a later motion to reopen).

17-71761

We lack jurisdiction to consider Patino-Gonzalez's request for prosecutorial discretion or deferred action. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

We do not consider the documents that Patino-Gonzalez submitted with her opening brief because they were not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out of record evidence).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**