**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE J. OLIVARES, | No. 16-70818 |
| Petitioner, | Agency No. A073-894-094 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Jose J. Olivares, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen or reconsider, and review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Olivares's sixth motion to reopen as untimely and number-barred, where he filed the motion more than 20 years after his final order of removal, and did not show the motion was subject to any exceptions to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2), (3).

Treated as a motion to reconsider, the BIA did not abuse its discretion in denying the motion as untimely. *See* 8 C.F.R. § 1003.2(b)(2).

We reject Olivares's contentions that the agency failed to sufficiently consider evidence and arguments, failed to properly consider all factors, and insufficiently explained its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2009) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

Olivares's contention that the BIA's denial of his motion violated his children's constitutional rights is foreclosed by *Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir. 1978) (rejecting the contention that a parent's "deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child").

Because Olivares has not raised a claim of legal or constitutional error, we

16-70818

lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

We lack jurisdiction to consider Olivares's contention that his case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

In light of our disposition, we do not reach Olivares's remaining contentions regarding eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**