**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO HERNANDEZ-BOYZO,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 17-70525<br><br>Agency No. A095-754-692<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Francisco Hernandez-Boyzo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's denial of cancellation of removal and administrative

closure. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismiss in part the petition for review.

Hernandez-Boyzo establishes no error in the agency's denial of administrative closure under the factors applicable at the time of the hearing. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891 (9th Cir. 2018). We do not reach Hernandez-Boyzo's contentions regarding an alleged lawful admission to the United States in 1993 because the BIA determined that administrative closure was not warranted regardless of whether the alleged admission was procedurally regular. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We lack jurisdiction to review the agency's discretionary determination that Hernandez-Boyzo failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Hernandez-Boyzo's contentions regarding hardship are not colorable and thus do not invoke our jurisdiction. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship); *Martinez-Rosas*, 424 F.3d at 930 ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**