**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARALAINI LIKUDILA SEWALE, | No.    18-72984 |
| Petitioner, | Agency No. A200-545-226 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Karalaini Likudila Sewale, a native and citizen of Fiji, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

law, including claims of due process violations.  *Padilla-Martinez v. Holder*, 770

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 825, 830 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Sewale did not show exceptional and extremely unusual hardship to her lawful permanent resident husband. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's hardship determination). Sewale's contentions that the agency did not properly consider or weigh the evidence of hardship are not colorable constitutional claims. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Further, there is no support in the record for Sewale's contentions that the agency denied cancellation of removal as punishment for her husband's history of alcoholism or prevented her from receiving a full and fair hearing. *See id.* ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

Sewale has not established any error in the BIA's conclusion that the regulations governing voluntary departure do not provide for enlargement of the five-day bond period. *See* 8 C.F.R. § 1240.26(c)(3). Nor do the regulations allow the BIA to reinstate voluntary departure in the absence of proof that the bond has been posted. *See id.*; *cf. Garfias-Rodriguez v. Holder*, 702 F.3d 504, 526-27 (9th Cir. 2012) (en banc) ("Congress has unambiguously granted the Attorney General

authority to control the scope of voluntary departure grants in [8 U.S.C.] § 1229c

and [] he has reasonably exercised his authority in promulgating the regulation" at

8 C.F.R. § 1240.26(i)).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**