**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARWINDER DHILLON SINGH, | No. 18-72685 |
| Petitioner, | Agency No. A070-970-088 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Harwinder Dhillon Singh, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of

law, including claims of due process violations. *Padilla-Martinez v. Holder*, 770

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 825, 830 (9th Cir. 2014).  We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Singh did not show exceptional and extremely unusual hardship to his United States citizen wife.  *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship).  Singh's contentions that there was no basis for the finding that the qualifying relative's son can provide for her financially and that the agency failed to fully consider a psychological evaluation are not supported by the record, and therefore do not raise colorable claims to invoke jurisdiction.  *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

In light of this dispositive determination, we do not reach Singh's contention regarding whether 8 U.S.C. § 1182(a)(3)(B)(i) (engaging in terrorist activity) bars him from cancellation of removal.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED.**