**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BLANCA ESTELA GALAN, | No. 17-70451 |
| Petitioner, | Agency No. A070-811-677 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2020**
Pasadena, California

Before: PAEZ, CALLAHAN and VANDYKE, Circuit Judges.

Blanca Estela Galan, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' (BIA) dismissal of her appeal from an

immigration judge's (IJ) order denying her applications for cancellation of

removal, asylum, withholding of removal, and protection under the Convention

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for
decision without oral argument. Fed. R. App. P. 34(a)(2).

Against Torture (CAT). Our jurisdiction is governed by 8 U.S.C. § 1252. "We review factual findings, including adverse credibility [findings], under the deferential substantial evidence standard[,]" and reverse only when the evidence compels a contrary conclusion. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We dismiss in part and deny in part the petition.[1]

We lack jurisdiction to review the BIA's discretionary finding that Galan failed to establish the hardship necessary for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012). We may review only colorable legal or constitutional claims. 8 U.S.C. § 1252(a)(2)(D). Galan's argument that the IJ improperly relied on evidence beyond the record of her prior convictions in denying her claim is irrelevant because the BIA did not base its decision on that finding. *See Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000) ("[O]ur review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted."). Thus, Galan has no colorable legal claim.

Substantial evidence supports the BIA's denial of Galan's applications for asylum and withholding of removal. Where, as here, the applicant does not present corroborative evidence, claims for asylum and withholding of removal require

---

[1] Because the parties are familiar with the facts underlying this petition, we do not discuss them at length here.

credible testimony from the applicant. 8 U.S.C. § 1158(b)(1)(B)(ii); 8 C.F.R. § 1208.16(b). Galan stated that she was raped in her 1994 and 2010 declarations, but repeatedly denied ever being raped during questioning at her 2012 hearing. Moments later, she claimed that she was indeed raped. In addition, she claimed in her 1994 declaration that she was persecuted due to her ties to the ARENA party. But during her testimony, she denied having any such ties. These and other inconsistencies in Galan's testimony provide substantial evidence to support the BIA's affirmance of the IJ's adverse credibility finding, as they go to the heart of her claims for relief. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (setting forth the adverse credibility standard for pre-REAL ID Act cases).

Galan's lack of credibility also undermines her claim for CAT relief. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 740–41 (9th Cir. 2014). Galan relies upon the same discredited evidence to support her CAT claim that she offered in support of her claims for asylum and withholding of removal—her declarations and testimony regarding her alleged rape and the alleged attacks against her and her family. Without more, such evidence is insufficient.

Furthermore, a CAT claim cannot succeed if public officials are neither aware of the torture nor breach their duty to intervene. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006); 8 C.F.R. § 1208.18(a)(7). Galan failed to reliably identify her or her family's attackers and show that Salvadoran

3

law enforcement turned a blind eye to her complaints. Nor did she "demonstrate that [she] would be subject to a *particularized threat* of torture." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (internal quotation marks and citation omitted).

Accordingly, the petition for review is **DISMISSED in part** and **DENIED in part**.