**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO ANTONIO GARCIA, AKA Tony Garcia,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   15-71974<br><br>Agency No. A200-158-208<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before:  THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Marco Antonio Garcia, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Garcia failed to establish he suffered past persecution in Mexico. *See* 8 C.F.R. § 1208.13(b)(1); 8 C.F.R. § 1208.16(b)(1); *Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir.2011) (domestic abuse that occurred in the United States could not constitute past persecution). Substantial evidence supports the agency's determination that Garcia failed to establish an objectively reasonable fear of future persecution in Mexico. *See Nagoulko v. INS*, 333 F.3d 1016, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, his asylum claim fails.

In this case, because Garcia failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Garcia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Garcia's contentions that the IJ failed to explain the asylum process or that Garcia was not given an opportunity to testify.

To the extent Garcia raises claims based on political opinion, humanitarian asylum, cancellation of removal, his status as a perceived wealthy returnee, age discrimination, an undisclosed illness, and facts related to past harm in Mexico that were not raised to the agency, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We do not consider the materials Garcia referenced in and attached to his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

We also lack jurisdiction to consider Garcia's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**