NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA GARCIA-LOPEZ, | No.    17-70935 |
| Petitioner, | Agency No. A070-916-156 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Martha Garcia-Lopez, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Garcia-Lopez's untimely motion to reopen based on changed country conditions where she failed to establish prima facie eligibility for relief. *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (c)(7)(C)(ii); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We reject as unsupported by the record Garcia-Lopez's contention that the BIA erred in its analysis of her motion.

In light of this disposition, we do not reach Garcia-Lopez's remaining contentions regarding her eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

We generally lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020)

2

17-70935

(denial of sua sponte reopening is committed to agency discretion and unreviewable).

We also lack jurisdiction to consider whether Garcia-Lopez's case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

We do not consider the materials Garcia-Lopez references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**