**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSIEL GRAJALES-VELASQUEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-179 <br><br> Agency No. A213-082-606 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 27, 2023[**]
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Osiel Grajales-Velasquez, a native and citizen of Mexico, seeks review of

the Board of Immigration Appeals's (BIA) dismissal of his appeal of an

Immigration Judge's (IJ) denial of his applications for cancellation of removal

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We

dismiss in part and deny in part.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.      We lack jurisdiction to review the BIA's determination that Grajales-Velasquez is ineligible for cancellation of removal. Although Grajales-Velasquez frames his argument in due process terms, suggesting that the agency's weighing of the relevant evidence violated his due process rights, his argument boils down to a challenge to the merits of the agency's determination that his removal would not cause his U.S.-citizen children exceptional and extremely unusual hardship. This court lacks jurisdiction to review that factual determination, *see Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022)—even when a challenge to that determination is "recast" as a due process argument, *see Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

2.      The BIA did not err in its determination that Grajales-Velasquez is ineligible for withholding of removal because there is no nexus between the persecution he fears and a protected ground. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 n.2 (9th Cir. 2021). Grajales-Velasquez did not provide any evidence to support the conclusion that cartel members harmed him or his relatives because of their family relationship. Moreover, any errors in the IJ's analysis of Grajales-Velasquez's withholding claim are harmless, given the BIA's de novo review of that claim. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015). And even if the BIA incorrectly applied the "one central reason" asylum standard for evaluating nexus rather than the "a reason" withholding standard, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017), this error is harmless because the BIA properly determined that there was no nexus at all

2                                                                22-179

between the harm Grajales-Velasquez fears and his family membership, *see Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019).[1]

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[1] Grajales-Velasquez forfeited any asylum or Convention Against Torture claims by failing to raise them in his opening brief. *See Perez-Camacho v. Garland*, 54 F.4th 597, 602 n.2 (9th Cir. 2022).