**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTIN KEVIN WEST,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-1704<br><br>Agency No.<br>A095-621-608<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2025[**]
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

Justin West is a citizen of Belize. He seeks review of the denial of his

application for an adjustment of status by the Board of Immigration Appeals

("BIA") and the Immigration Judge ("IJ") (collectively "the Agency") and the

BIA's denial of his motion to remand his application for an adjustment of status to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the IJ. As the parties are familiar with the facts, we do not recount them here. We dismiss the petition. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

1. West argues that we have jurisdiction to review his petition because the Agency's denial of his application raises a constitutional claim and a question of law under 8 U.S.C. § 1252(a)(2)(D). But, at bottom, West asks us to review the Agency's factual determination that he had not adequately dispelled the "cloud of suspicion" regarding his alleged involvement in an embezzlement scheme in Belize. We are precluded from reviewing factual determinations that underlie the Agency's decision to grant or deny discretionary relief. *Patel v. Garland*, 596 U.S. 328, 336–39 (2022) (holding that § 1252(a)(2)(B)(i) precludes judicial review of any "judgment" regarding discretionary relief under § 1255, including "factual findings," with the exception of constitutional or legal claims); *see also Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1293 (9th Cir. 2024) (distinguishing between factual and legal determinations).

West argues the Agency acted "contrary to law" and "abused [its] discretion" by "giving great weight to unproven allegations of criminal conduct."[1] The Agency did not make a determination as to West's culpability, finding instead that the record did not, on balance, support granting West discretionary relief. West

---

[1] West also argues that the Agency made an adverse credibility finding against him. This claim is refuted by the record.

takes issue with how the Agency weighed the evidence, but this argument does not suffice to raise a viable constitutional claim or question of law. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not present sufficiently colorable constitutional questions as to give this court jurisdiction.").

2. West argues that the August 19, 2020 letter from the Belize Police Department that he submitted in support of his motion to remand was "new evidence" that gives us jurisdiction to review the Agency's denial of his motion to remand. Although the letter that West submitted was new, the substance of its attachments had already been considered by the IJ, and it did not address a "hardship ground so distinct" as to make the motion "a request for new relief." *Figueroa Ochoa*, 91 F.4th at 1295 (quoting *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006)).

3. The temporary stay of removal remains in place until the mandate issues.

**DISMISSED.**